O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN ESPARZA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHIPOTLE MEXICAN GRILL,<br>INC.; CHIPOTLE SERVICES,<br>LLC; BRIAN DESORMIERS, an<br>individual,<br><br>　　　　　　Defendants.<br>_____ | Case No. EDCV 14-02345 DDP (SPx)<br><br>**ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY** |

　　Defendant is ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction.

　　District courts have diversity jurisdiction over all civil suits where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The case must be remanded if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Plaintiff's complaint does not specify the amount of damages sought. Therefore, Defendant bears the burden of

establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

It is not clear that the amount in controversy here exceeds $75,000, as is required to establish diversity jurisdiction under 28 U.S.C. § 1332. Even assuming Plaintiff remains unemployed through some supposed future trial date, Defendant estimates that Plaintiff is seeking only about $30,000 in back wages. (Notice of Removal at 10.)

Defendant contends that emotional and punitive damages and attorney's fees will suffice to bridge the gap between Plaintiff's claim for lost wages and the $75,000 jurisdictional minimum. "When the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely" to be certain jurisdiction exists. <u>Lange v. State Farm Mut. Auto. Ins. Co.</u>, 2009 WL 322835, at *1 (C.D. Cal. 2009) (internal quotation and citation omitted). A party asserting diversity jurisdiction may refer to other jury verdicts to bolster its claims regarding punitive damages. <u>Faulkner v. Astro-Med Inc.</u>, 1999 WL 820198 at *4 (N.D. Cal. 1999). Those verdicts, however, must involve facts analogous to the case at hand. <u>Id.</u> While Defendant gives examples of employment cases where resulting in damage awards in excess of $75,000, Defendant has not adequately explained how those claims and fact patterns are similar to this case.

Lastly, attorney's fees, too, may be included in the amount in controversy if recoverable by statute or contract. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Defendant, however, has made no attempt to estimate reasonable attorney's fees

in this case.  Instead, Defendant states, without any support, that "[i]t is simply not believable that Plaintiff would incur less than $75,000 in attorneys' fees . . . ."  (Notice of Removal at 10).

Defendant's speculative and conclusory assertions and unexplained references to other cases are insufficient to satisfy its burden to demonstrate, by a preponderance of the evidence, that the amount in controversy here exceeds $75,000 and that this court has subject matter jurisdiction over this matter.

Accordingly, Defendant is ordered to file a brief, not to exceed ten pages, within ten days of the date of this Order, showing why this action should not be remanded for lack of subject matter jurisdiction.  Defendant shall also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles.  Failure to file a brief in accordance with this Order will be deemed consent to remand of this action.

IT IS SO ORDERED.

Dated: February 12, 2015

                                   DEAN D. PREGERSON
                                   United States District Judge